IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LAMONT DARWIN WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>TRACY AND JONI L. CRANE,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION IN LIMINE RE: PUBLISHED INDUSTRY STANDARDS<br><br><br>Case No. 2:14-CV-241 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff Lamont Williams' Motion in Limine Regarding Published Industry Standards.  In his Motion, Plaintiff requests the Court admit into evidence the American National Standards Institute and Accredited Snow Contractors Association's (ANSI-ASCA) standards for snow and ice management services and the American Society for Testing Materials' (ASTM) standard for safe walking surfaces as relevant evidence to the standard of care applicable in this case.

Defendants Tracy and Joni L. Crane object to the admission of published standards as exhibits.  Defendants argue that the standards do not properly state the applicable standard of care and are inapplicable as an industry standard to landlords entirely.

"The duty of care that possessors of land in Utah owe to invitees upon their property is set forth in sections 343 and 343A of the Second Restatement of Torts."[1]  These two sections of the Restatement define the duty of care a landowner owes to invitees on his property and must be

---

[1] *Hale v. Beckstead*, 116 P.3d 263, 265 (Utah 2005).

1

read together.[2]  Section 343, "Dangerous Conditions Known to or Discoverable by Possessor,"

reads:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, *and* (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, *and* (c) fails to exercise reasonable care to protect them against the danger.[3]

Section 343A, entitled "Known or Obvious Dangers," reads:

> (1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.
>
> (2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated.[4]

Under Utah law, "ice and snow situation[s] [are] subsumed under the general duty of care

imposed upon the landlord."[5]

### 1.  ANSI-ASCA Standards

Plaintiff argues that the ANSI-ASCA standards are applicable in this case and set forth

industry standards which may be helpful to the jury in deciding whether the defendant has met

the standard of care.  Plaintiff cites to several cases from outside jurisdictions for the general

proposition that "evidence pertaining to whether defendant's conduct was reasonable is relevant

---

[2] *Id.* at 266.

[3] Restatement (Second) of Torts § 343 (1965).

[4] Id. at § 343A.

[5] *Schofield v. Kinzell*, 511 P.2d 149, 151 (Utah 1973).

to the jury's determination of whether defendant met the reasonable person standard of care."[6] Since industry standards may represent a consensus regarding what a reasonable person in a particular industry would do, such standards may be helpful to the jury in making the determination of whether the defendant acted reasonably.[7]  Though a violation of an industry custom does not constitute negligence *per se*, the industry custom may be used to establish whether a party has met a standard of care to which the party is required to conform.[8]  These cases illustrate industry custom for the relevant industry in each underlying case.

However, in this case, the ANSI-ASCA standards Plaintiff seeks to admit are for "Snow and Ice Management Services" and were sponsored by the Accredited Snow Contractors Association.  Plaintiff has not presented evidence that these standards set forth industry custom for landlords.  The standard of care for landlords is set out in sections 343 and 343A of the Second Restatement of Torts.  The ANSI-ASCA standards set forth the general consensus regarding what a reasonable person in the snow and ice management service industry would do, but they would not be helpful to the jury in determining whether Defendants acted within the standard of care as set forth in the Restatement of Torts.  Thus, admitting the published standards would confuse the jury as to which standard of care applies in the instant case.

2.   ASTM Standard

Plaintiff seeks to admit the ASTM Standard Practice for Safe Walking Surfaces as an exhibit, but fails to explain its applicability to landlords.  The "Scope" section of the document generally states, "This practice covers design and construction guidelines and minimum

---

[6] *Hansen v. Abrasiv Eng'g & Mfg., Inc.*, 856 P.2d 625, 628 (Or. 1993).

[7] *Id.*

[8] *Id.*

maintenance criteria for new and existing buildings and structures."  It is unclear if the ASTM

standard applies generally to all possessors of land regarding areas of public use, but assuming

that it does, the standards may be helpful to the jury in determining reasonable safety practices

for safe walking surfaces.  However, before evidence of the standard can be admitted, Plaintiff's

expert must lay appropriate foundation concerning the applicability of this standard to

Defendants.  If that foundation is provided, the ASTM standard may be admitted and discussed

by Plaintiff's expert.  The Court would further note that a violation of the ASTM standard is not

negligence *per se*, and that the jury must use section 343 and 343A in determining whether

Defendants were negligent.

It is therefore

ORDERED that Plaintiff's Motion in Limine (Docket No. 48) is granted in part and

denied in part.

DATED this 13th day of November, 2015.

BY THE COURT:

_____

Ted Stewart

United States District Judge