IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LAMONT DARWIN WILLIAMS,<br><br>                  Plaintiff,<br><br>v.<br><br>TRACI AND JONI L. CRANE,<br><br>                  Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW<br><br><br>Case No. 2:14-CV-241 TS<br><br>District Judge Ted Stewart |

       This matter is before the Court on the Defendants' Motion for Judgment as a Matter of Law. Defendants made their Motion orally at the conclusion of Plaintiff's case in chief on November 18, 2015.

       Federal Rule of Civil Procedure 50(a)(1) provides,

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
> (A) resolve the issue against the party; and
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

       In reviewing a Rule 50 Motion, the Court should review all of the evidence in the record.[1] However, all reasonable inferences are drawn in favor of the nonmoving party and the Court does "not make credibility determinations or weigh the evidence."[2] Judgment as a matter of law is appropriate "only if the evidence points but one way and is susceptible to no reasonable

---

[1] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

[2] *Id.*

inferences which may support the opposing party's position."[3]  A judgment as a matter of law is appropriate "'[i]f there is no legally sufficient evidentiary basis . . . with respect to a claim or defense . . . under the controlling law.'"[4]

In this matter, Plaintiff brings a negligence claim against Defendants.  "The essential elements a party asserting negligence must prove are:  (1) a duty of reasonable care owed by the defendant to plaintiff; (2) a breach of that duty; (3) the causation, both actually and proximately, of injury; and (4) the suffering of damages by the plaintiff."[5]

Defendants argue that judgment as a matter of law is appropriate in this case because under *Jensen v. Gardner*,[6] Plaintiff cannot succeed on his claim if he knowingly encounters a dangerous condition.  In *Jensen*, the plaintiff filed suit against the landlord of an apartment complex when she hit her head on a protruding balcony of the complex.  The Utah Court of Appeals found that the balcony was "an open and obvious danger" and that the plaintiff did not demonstrate that the landlord should have anticipated the harm arising from the balcony.[7]  The court applied the duty of care that possessors of land in Utah owe to invitees upon their property, which is set forth in sections 343 and 343A of the Second Restatement of Torts.[8]

Under these sections, whether Plaintiff knowingly encounters a dangerous condition does not necessarily excuse Defendants' liability if Defendants should have anticipated the harm

---

[3] *Finley v. United States*, 82 F.3d 966, 968 (10th Cir. 1996) (quoting *Q.E.R., Inc., v. Hickerson*, 880 F.2d 1178, 1180 (10th Cir. 1989)).

[4] *Baty v. Willamette Indus., Inc.*, 172 F.3d 1232, 1241 (10th Cir. 1999) (quoting *Harolds Stores, Inc. v. Dillard Dep't Stores*, 82 F.3d 1533, 1546–47 (10th Cir. 1996)).

[5] *Williams v. Melby*, 699 P.2d 723, 726 (Utah 1986).

[6] 279 P.3d 844 (Utah Ct. App. 2012).

[7] *Id*. at 846.

[8] *Id*.

despite Plaintiff's knowledge or the obviousness of the condition.[9]  Here, Plaintiff presented sufficient evidence from which a reasonable jury could find that Defendants should have anticipated the harm posed to Plaintiff despite his knowledge and the obviousness of the icy condition surrounding the mailbox.  Therefore, the Court will deny Defendants' Motion.

It is therefore

ORDERED that Defendants' Motion for Judgment as a Matter of Law is DENIED.

DATED this 18th day of November, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[9] Restatement (Second) of Torts § 343A, cmt. f (1965).